**Afredo D. RUIZ, Appellant**
**(Defendant below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff below).**

**No. 48S02–0407–CR–329.**

Supreme Court of Indiana.

Dec. 7, 2004.

David W. Stone, IV, Anderson, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

BOEHM, Justice.

Afredo D. Ruiz, was sentenced to the maximum of twenty years after pleading guilty to child molestation, a Class B felony. The presumptive sentence for a Class B felony is ten years. Ind.Code § 35–50–2–5 (2004). Ruiz, twenty years old at the time of the crime, had sexual intercourse with a thirteen-year-old girl who described their relationship as boyfriend and girlfriend. The sole aggravating circumstance was Ruiz's four prior alcohol related mis-

demeanors. We hold that Ruiz's sentence is inappropriate in light of the lack of more severe aggravating circumstances and the non-violent nature of the offense. We revise the sentence to the presumptive sentence of ten years.

On January 12, 2002, after a night of drinking, Ruiz, age twenty, and Ely Leisure returned to Leisure's residence where the victim, a thirteen-year-old girl, was babysitting for Leisure. Leisure had previously warned Ruiz that the victim was only thirteen and advised him to leave her alone. Nevertheless, Ruiz had sexual intercourse with the victim that evening. The victim told her mother and the authorities that at the time of the incident Ruiz and she were involved in a boyfriend-girlfriend relationship. Ruiz later admitted to having intercourse with the victim approximately six times.

After the State charged Ruiz with child molestation as a Class A felony, he pleaded guilty to child molestation as a Class B felony. The plea agreement provided that sentencing would be left to the discretion of the trial court. At sentencing, the trial court found that the aggravating factors outweighed the mitigating factors and imposed a twenty-year sentence, the maximum allowed under the statute. The Court of Appeals affirmed. *Ruiz v. State*, 810 N.E.2d 784 (Ind.Ct.App.2004). This Court granted transfer. *Ruiz v. State*, No. 48S02–0407–CR–329, 2004 Ind. Lexis 650 (July 23, 2004).

Article VII, Section 4 of the Indiana Constitution provides that "the Supreme Court shall have, in all appeals of criminal cases, the power to ... review and revise the sentence imposed." Indiana Appellate Rule 7(B) implements that authority by stating that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inap-propriate in light of the nature of the offense and the character of the offender." On June 24, 2004, the United States Supreme Court decided *Blakely v. Washington*, — U.S. —, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), which held that facts supporting an enhanced sentence must be admitted by the defendant or found by a jury. We direct revision of the sentence to the presumptive sentence solely on state law grounds, in exercise of our authority to revise a sentence found to be inappropriate. Accordingly, no *Blakely* issue is presented or addressed.

■ Ruiz urges this Court to revise his sentence on the ground that the aggravating and mitigating factors were not properly balanced. Sentencing determinations, including whether to adjust the presumptive sentence, are within the discretion of the trial court. I.C. § 35–38–1–7.1; *Wooley v. State*, 716 N.E.2d 919, 929 (Ind. 1999). If a trial court relies on aggravating or mitigating circumstances to modify the presumptive sentence, it must: (1) identify all significant aggravating and mitigating circumstances; (2) explain why each circumstance is aggravating or mitigating; and (3) articulate the evaluation and balancing of the circumstances. *Harris v. State*, 659 N.E.2d 522, 527–28 (Ind. 1995). The trial court in this case identified both aggravating and mitigating circumstances, explained each classification, and articulated its balancing of the aggravating and mitigating circumstances. The trial court then imposed the maximum sentence allowed for a Class B felony. The trial court thus followed correct procedures, but we conclude the trial court's balancing of the aggravating and mitigating circumstances resulted in an inappropriate sentence.

■ The only aggravating circumstance considered by the trial court was Ruiz's "significant criminal history" which con-

sisted of four alcohol-related misdemeanors. These included "contributing to the delinquency of a minor," two convictions for "illegal possession consumption transport," and one "driving while intoxicated." The record does not include the facts of these offenses, but apart from the driving offense it appears they consist of two occasions of possession as a minor, and one of giving alcohol to a minor. We conclude that these convictions for alcohol-related offenses are at best marginally significant as aggravating circumstances in considering a sentence for a Class B felony. "Significance varies based on the gravity, nature and number of prior offenses as they relate to the current offense." *Wooley*, 716 N.E.2d at 929.

In *Wooley*, this Court reviewed a maximum sentence of sixty years imposed for a murder conviction. The sole aggravating circumstance was one prior conviction for driving while intoxicated. Although this was not a trivial offense, we concluded that it did not constitute a significant aggravating factor in sentencing for murder. The two offenses were manifestly different in nature, and the driving offense was relatively minor in comparison to the extension of the term it was cited as supporting. Although the defendant in *Wooley* was drinking the day of the murder, the alcohol, as a factor in the defendant's prior conviction did not render it a significant criminal history warranting imposing an additional sentence. *Id.* Similarly, Ruiz's criminal history of alcohol-related misdemeanors is not a significant aggravator in relation to a Class B felony. Although alcohol was involved in these offenses and also in the current crime, the latter is manifestly different in nature and gravity from the misdemeanors.

■ The trial court found Ruiz's guilty plea and expression of remorse to be mitigating circumstances. Ruiz argues that the trial court erred in failing to give substantial weight to his guilty plea. A guilty plea is a significant mitigating factor in some circumstances. *Widener v. State*, 659 N.E.2d 529, 534 (Ind.1995). Guilty pleas may be accorded significant mitigating weight because they save judicial resources and spare the victim from a lengthy trial. *Sipple v. State*, 788 N.E.2d 473, 483 (Ind.Ct.App.2003), *trans. denied*. However, as we have frequently observed, a plea is not necessarily a significant mitigating factor. *Sensback v. State*, 720 N.E.2d 1160, 1165 (Ind.1999). After pleading, Ruiz's effort to change his testimony at the sentencing hearing undermined his acceptance of responsibility for the crime. The terms of the plea agreement are controlling, and the trial court was free to conclude as it did; that the plea was not entitled to great weight.

■ Although appellate courts are reluctant to substitute their judgments for those of the trial court in sentencing, sentences are reviewed to ensure they are not "inappropriate in light of the nature of the offense and the character of the offender." App. R. 7(B); *Serino v. State*, 798 N.E.2d 852, 856 (Ind.2003). The presumptive sentence is the starting point the General Assembly has selected as an appropriate sentence for the crime committed. *Lander v. State*, 762 N.E.2d 1208, 1214–15 (Ind.2002). Here the presumptive sentence was doubled from ten to twenty years, based on unrelated and relatively insignificant prior convictions. We conclude that neither the nature of the offense nor the character of the offender supports an enhanced sentence.

### Conclusion

We remand for new sentencing to a term of ten years. We note that Ruiz is under detention order as an illegal alien

and presumably will be deported after serving his sentence.

SHEPARD, C.J., and DICKSON, SULLIVAN, and RUCKER, JJ. concur.