**Samantha LIGHT, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 23A01–0912–CR–600.**

Court of Appeals of Indiana.

May 19, 2010.

Stacy R. Uliana, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BRADFORD, Judge.

Appellant–Defendant Samantha Light was convicted, pursuant to a guilty plea, of three counts of Class A felony Child Molesting[1] for which she received an aggregate sentence of 125 years in the Department of Correction. Upon appeal Light contends that her sentence is inappropriate in light of her character and the nature of her offenses. Concluding that Light's 125–year term does not fall outside a reasonable sentencing range and that enhanced consecutive sentences are not inappropriate under these facts, we reject Light's challenge to her sentence and affirm.

## FACTS AND PROCEDURAL HISTORY

The facts of this case are especially repugnant.[2] On approximately September 13, 2008, Light had sexual intercourse with a six-year-old boy, C.C., while her boyfriend forced C.C. to perform oral sex on him. Light was twenty-five years old at the time, and C.C. was in her care and custody.

On December 4, 2008, Light performed oral sex on a one-year-old boy, W.H., while her boyfriend forced W.H.'s mouth on the boyfriend's penis and inserted his own penis into W.H.'s anus. W.H., who cried throughout the ordeal, was under Light's care and control at the time.

On February 5, 2009, Light, while masturbating, licked the vaginal area of her own two-month-old infant daughter, A.Q., who was in her care and custody. Light also caused A.Q. to suck Light's vaginal area. During this episode, A.Q. was also forced to suck Light's boyfriend's penis, and Light's boyfriend licked A.Q.'s vagina and placed his finger into A.Q.'s anus. Both Light and her boyfriend additionally used a vibrator on A.Q. Light's boyfriend is believed to be A.Q.'s father. Equally disturbing, Light's and her boyfriend's abhorrent acts were videotaped.

On March 6, 2009, the State charged Light with three counts of Class A felony child molesting (Counts 1–3). Count 1 related to Light's conduct with C.C., Count 2 related to Light's conduct with W.H., and Count 3 related to Light's conduct with A.Q. In addition, the State charged Light with one count of Class C felony child molesting and one count of Class C felony child exploitation (Counts 4–5).

On October 9, 2009, Light entered into a plea agreement whereby she agreed to plead guilty to Counts 1 through 3, and the State agreed to dismiss Counts 4 and 5. As an additional term of the plea agreement, the State agreed to make no sentencing recommendation to the trial court.

At a December 2, 2009 sentencing hearing, the trial court imposed consecutive sentences of forty years each on Counts 1 and 2 and forty-five years on Count 3, for an aggregate sentence of 125 years in the Department of Correction. In reaching this sentence, the trial court found as aggravators the very young age of the victims; Light's violation of her position of trust with each victim; and the ongoing, rather than isolated, nature of Light's

1. Ind.Code § 35–42–4–3(a)(1) (2008).

2. We have supplemented the facts provided as a factual basis in Light's guilty plea hearing with information contained in the probable cause affidavit, upon which Light relies in her brief.

crimes. The trial court found as mitigating factors Light's guilty plea and her expression of remorse, to which the court attributed little weight, and her lack of a criminal history, to which the court attributed significant weight. The trial court ultimately concluded that the aggravators carried substantial weight and warranted enhanced, consecutive sentences. This appeal follows.

## DISCUSSION AND DECISION

Upon appeal Light challenges her 125–year sentence by claiming that it is inappropriately harsh. Article VII, Sections 4 and 6 of the Indiana Constitution " 'authorize[ ] independent appellate review and revision of a sentence imposed by the trial court.' " *Anglemyer v. State,* 868 N.E.2d 482, 491 (Ind.2007) (quoting *Childress v. State,* 848 N.E.2d 1073, 1080 (Ind. 2006) (emphasis and internal quotations omitted)). Such appellate authority is implemented through Indiana Appellate Rule 7(B), which provides that the "Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." We exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires that we give "due consideration" to that decision and because we recognize the unique perspective a trial court has when making sentencing decisions. *Stewart v. State,* 866 N.E.2d 858, 866 (Ind.Ct.App.2007). It is the defendant's burden to demonstrate that his sentence is inappropriate. *Childress,* 848 N.E.2d at 1080.

Light was convicted of three Class A felonies, each of which carries a sentencing range of from twenty to fifty years, with the advisory sentence being thirty years. *See* Ind.Code § 35–50–2–4 (2008).

Light concedes that her offenses are shocking in nature but suggests that the young age of the victims, who perhaps will not remember the events and may therefore suffer less psychological trauma, ameliorates the grave nature of her offenses. Of course, C.C. was six years old at the time, does remember the events in question, and is suffering ill effects as a result. In any event, we are unpersuaded that forced group sexual activity with young children and infants, by their own caretaker and/or mother, is somehow less depraved if the victims do not recall each excruciating detail for the rest of their lives. To the contrary, the young age of the victims, whose youth and vulnerability made them easy prey, highlights the depravity of Light's offenses and her lack of character in willingly engaging in such unthinkable acts.

Light points to her remorse and clean criminal history and suggests that her acts were more a reflection of her abusive boyfriend's influence than of her lack of moral character. According to Light, this boyfriend caused her to commit the acts by placing her in fear for her life and the lives of "countless children in the world." Tr. p. 26. Significantly, Light does not dispute that the events in question were videotaped and that she appeared to be "happy" and "enjoying" herself as she participated. Tr. p. 25. Further, the record contains no expert evidence linking Light's acts to battered women's syndrome or its equivalent, and the trial court viewed Light's argument on this point as an effort to escape blame rather than a deep expression of remorse. Given this record, we are convinced that Light's actions are attributable to her alone and, regardless of criminal history, demonstrate her total lack of moral character. Indeed, we are unable to see how Light's alleged fear of *potential* harm to herself and to the "children in the

world" explains her decision to inflict *certain* harm upon her own innocent child and wards.

To the extent Light suggests that her willingness to plead guilty serves to redeem her character, we cannot agree.[3] Light does not dispute that there was videotaped evidence of the acts in question or that she was charged with two additional acts which were dismissed pursuant to her agreement to plead guilty. The strong evidence against Light and the significant benefit she received from her plea agreement suggest that her plea was more a pragmatic decision than a demonstration of her acceptance of responsibility. *See Fields v. State*, 852 N.E.2d 1030, 1034 (Ind.Ct.App.2006) (observing that plea, which significantly benefited defendant, did not reflect particularly favorably upon his character), *trans. denied*. Light's enhanced sentences are fully justified.

We are aware, as Light points out, that the Indiana Supreme Court has granted reduced sentences in certain cases in which defendants convicted of multiple molestations have received particularly lengthy terms. This case is easily distinguishable from those cases. Indeed, given the circumstances of Light's crimes, her 125–year sentence is fully within the navigational buoys of that body of law.

In many of the cases in which the Supreme Court has reduced sentences, there was only one victim, that victim was considerably older than either W.H. or A.Q., and that victim was not the defendant's own child. *See Rivers v. State*, 915 N.E.2d 141, 144 (Ind.2009) (modifying two consecutive thirty-year terms to two concurrent thirty-year terms for defendant's molesta-

tion of seven or eight-year-old niece); *Harris v. State*, 897 N.E.2d 927, 930 (Ind. 2008) (modifying two consecutive fifty-year terms to two concurrent fifty-year terms for defendant's molestation of his girlfriend's eleven-year-old daughter); and *Serino v. State*, 798 N.E.2d 852, 858 (Ind. 2003) (modifying 385–year term to ninety-year term for defendant's molestation of his girlfriend's eleven-year-old son). Here, in contrast, there were three victims, two of whom were age one or younger, and one of whom was Light's own biological child. This justifies the imposition of three consecutive sentences. *See Tyler v. State*, 903 N.E.2d 463, 468 (Ind. 2009) ("[T]he fact that [the defendant] committed his offenses against multiple victims justifies the imposition of consecutive sentences[.]").

As for the cases involving multiple victims, Light points to none involving infants, let alone biological infants, and these cases are easily distinguished on several other grounds. The defendant in *Tyler*, who had molested children acquainted with his girlfriend who ranged in age from four to eight, was sentenced to 110 years for two convictions of Class A felony child molesting, one conviction of Class D felony vicarious sexual gratification, and for being a habitual offender. 903 N.E.2d at 465. The Supreme Court reduced the defendant's aggregate sentence to sixty-seven and one-half years based in part upon the facts that he had a brain tumor affecting his ability to control his behavior, he had a low IQ, and he was not regularly in a position of trust with the victims. 903 N.E.2d at 469. Here, in contrast, Light was mother to one of the victims and caretaker to all three, placing her in a very clear position of trust with them. In addi-

---

3. To the extent Light's challenge to the guilty plea and other sentencing factors is based upon the allegedly improper weight given them by the trial court, this challenge is an improper ground for appellate review. Under the current sentencing scheme, a trial court cannot be said to have abused its discretion by failing to properly weigh or balance sentencing factors. *See Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind.2007).

tion, having received an associate's degree from Indiana University, Light has no claim to diminished intellectual capabilities.

In *Estes v. State*, 827 N.E.2d 27, 28 (Ind.2005), the Supreme Court reduced the defendant's 267-year sentence to 120 years following his conviction for, *inter alia*, fourteen counts of child molesting. In *Estes* there were two victims, not three, and the Supreme Court was especially concerned that the 267-year term initially imposed was well outside the typical range for child molesting sentences in Indiana. 827 N.E.2d at 29. Here, Light's sentence for molesting three children, including her own biological infant, is only five years in excess of what the Supreme Court deemed to be a reasonable term in *Estes*. The fact that the defendant in *Estes* would not have been subject to certain credit time restrictions which are applicable to Light[4] does not alter the Supreme Court's conclusion that the entire 120-year sentence was within the reasonable range. Accordingly, we decline to find that Light's sentence to a similar term somehow qualifies as an "outlier" in need of modification. *See Dennis v. State*, 908 N.E.2d 209, 214 (Ind.2009) (quoting *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind.2008) for proposition that appellate sentencing review is largely an attempt to " 'leaven the outliers' "). Indeed, the only "outlier" here is Light, whose abhorrent conduct justifies a particularly lengthy sentence.

The judgment of the trial court is affirmed.

RILEY, J., and MATHIAS, J., concur.

---

4. The trial court observed that Light qualified as a credit restricted felon eligible for only one day of credit time for every six days of imprisonment. *See* Ind.Code §§ 35–41–1–5.5; 35–50–6–3; 35–50–6–4 (2008).