**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Jan 20 2012, 8:30 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ELIZABETH B. SEARLE**
Ball Eggleston PC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

LOUIS L. BLACKNELL, JR.,     )
          )
    Appellant-Defendant,     )
          )
        vs.     )    No. 79A02-1106-CR-690
          )
STATE OF INDIANA,     )
          )
    Appellee-Plaintiff.     )

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Donald C. Johnson, Judge
Cause No. 79D01-0307-FB-33

**January 20, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Defendant Louis Blacknell pled guilty to, and was convicted of Murder,[1] a felony, and sentenced to an executed term of fifty-five years in the Department of Correction. In this belated appeal, Blacknell challenges his sentence. We affirm.

## FACTS AND PROCEDURAL HISTORY

On June 29, 2003, Blacknell, Cleveland Colston, Rhyaquim Stovall, Lashaun Virgin, and Patrick Lucas gathered in Lafayette. Blacknell and his cohorts had arranged a marijuana deal with Fernando Albavera and Jesus Molina and planned to rob them in the process. When the parties reached the site of the deal, Blacknell planned to step out of his vehicle and act as a lookout, and Colston and Stovall would hold Albavera and Molina at gunpoint. As planned, Colston and Stovall entered Albavera and Molina's vehicle. Blacknell, who was carrying a 9 mm loaded gun at the time, stepped out of his vehicle to act as a lookout. Blacknell became nervous, pulled the trigger, and shot Albavera, killing him. Blacknell was aiding Colston and Stovall's attempted robbery at the time, and he was aware that pulling the trigger of his loaded gun could kill someone.

On July 18, 2003, the State charged Blacknell with Class B felony conspiracy to commit robbery (Count I), Class D felony conspiracy to deal marijuana (Count II), Class D felony dealing in marijuana (Count III), and Class D felony possession of marijuana (Count IV). On April 22, 2004, the State moved to amend its charges, adding murder (Count V), felony murder (Count VI), Class A felony robbery (Count VII), and two counts of Class B felony robbery (Counts VIII and IX). On May 10, 2004, Blacknell

_____

[1] Ind. Code § 35-42-1-1 (2002).

2

entered into a plea agreement whereby he agreed to plead guilty to felony murder in Count VI, and the State agreed to dismiss all remaining charges. The plea agreement further provided that Blacknell's sentence was not to exceed fifty-five years executed.

Blacknell entered a guilty plea on May 12, 2004. Following a June 7, 2004 sentencing hearing, the trial court accepted the plea and imposed a sentence of fifty-five years in the Department of Correction. In imposing this sentence, the trial court found as an aggravating factor that Blacknell had pulled the trigger. The trial court found as mitigating factors that Blacknell had been in the Job Corps and had worked in welding and landscaping since that time, and that he had strong family support. The trial court concluded that the aggravating and mitigating factors balanced.

On June 1, 2011 Blacknell filed a verified petition to file a belated appeal, which the trial court granted. This appeal follows.

## DISCUSSION AND DECISION

### I. Abuse of Discretion

### A. Standard of Review

Blacknell's challenges on appeal are to his sentence. Notably, Blacknell committed his crime in 2003, so we apply the presumptive sentencing scheme in effect prior to the 2005 sentencing amendments creating advisory sentences. *See Gutermuth v. State*, 868 N.E.2d 427, 431 n.4 (Ind. 2007) ("[T]he sentencing statute in effect at the time a crime is committed governs the sentence for that crime."). We specifically observe that the rule articulated in *Anglemyer v. State (Anglemyer I)*, 868 N.E.2d 482, 491 (Ind. 2007),

*clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007), that the relative weight of aggravators and mitigators is not reviewable for abuse of discretion, does not apply here.

Sentencing determinations, including whether to adjust the presumptive sentence, are within the discretion of the trial court. *Ruiz v. State*, 818 N.E.2d 927, 928 (Ind. 2004). Based upon the law applicable to Blacknell at the time of his sentence, if a trial court relied on aggravating or mitigating circumstances to modify the presumptive sentence, it was required to do the following: (1) identify all significant aggravating and mitigating circumstances; (2) explain why each circumstance is aggravating or mitigating; and (3) articulate the evaluation and balancing of the circumstances. *Id.*

When a defendant offers evidence of mitigators, the trial court has the discretion to determine whether the factors are mitigating, and the trial court is not required to explain why it does not find the proffered factors to be mitigating. *Stout v. State*, 834 N.E.2d 707, 710 (Ind. Ct. App. 2005), *trans. denied*. The trial court is not required to give the same weight as the defendant does to mitigating evidence. *See Fugate v. State*, 608 N.E.2d 1370, 1374 (Ind. 1993). A single aggravating circumstance is sufficient to justify an enhanced sentence. *McNew v. State*, 822 N.E.2d 1078, 1082 (Ind. Ct. App. 2005). An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Matshazi v. State*, 804 N.E.2d 1232, 1239 (Ind. Ct. App. 2004), *trans. denied*. Further, a trial court is not required to include within the record a statement that it considered all proffered mitigating circumstances, but rather only those that it considered significant. *Id.*

4

### B.      Sentencing Factors

### 1.      Mitigating Factors

Blacknell claims that the trial court abused its discretion in failing to assign significant mitigating weight to his lack of criminal history and guilty plea.

### a.      Lack of Criminal History

A defendant's lack of criminal history is generally recognized as a substantial mitigating factor. *See Loveless v. State*, 642 N.E.2d 974, 976 (Ind. 1994). While Blacknell lacked a criminal history, his Pre-sentence Investigation Report indicated that he used marijuana twice a week for the four years prior to the instant crime. Not insignificantly, the instant crime revolved around a marijuana deal. Given Blacknell's frequent illegal drug use, establishing that he had not led an entirely law-abiding life, the trial court was within its discretion in refusing to consider his lack of criminal history to be a significant mitigating factor. *See Bostick v. State*, 804 N.E.2d 218, 225 (Ind. Ct. App. 2004) (concluding that lack of criminal history was not a significant mitigator where defendant had led a "less than law-abiding life").

### b.      Guilty Plea

Blacknell contends that the trial court abused its discretion by failing to give significant mitigating weight to his guilty plea. The Indiana Supreme Court has held that a defendant who pleads guilty deserves "some" mitigating weight be given to the plea in return. *Anglemyer v. State (Anglemyer II)*, 875 N.E.2d 218, 220 (Ind. 2007). The significance of a guilty plea as a mitigating factor varies from case to case. *Id.* at 221. For example, a guilty plea may not be significantly mitigating when it does not

demonstrate the defendant's acceptance of responsibility or when the defendant receives a substantial benefit in return for the plea. *Id.* Here, Blacknell received a significant benefit from his plea, namely the State's dropping multiple additional charges against him, including those reflecting his admitted agreement to robbery and involvement in drug dealing.[2] We must conclude that Blacknell's decision to plead guilty was as much a pragmatic decision as an effort at taking responsibility. We find no abuse of discretion.

### 2. Aggravating Factor

Blacknell next challenges the trial court's consideration of the fact that he was the triggerman as a significant aggravating factor. Blacknell argues the court's consideration of this fact thwarts the effect of the plea agreement to dismiss his murder count in Count V. It is true that a trial court may not circumvent a plea agreement by finding as aggravating those facts comprising dismissed charges. *See Farmer v. State*, 772 N.E.2d 1025, 1027 (Ind. Ct. App. 2002). But a trial court certainly is not precluded from considering facts *shared* by both a conviction and a dismissed charge, especially when that dismissed charge merely reflects an alternative theory of guilt. The factual basis for the instant conviction included the fact that Blacknell was the admitted triggerman. The nature and circumstances of a crime are a well-observed, proper aggravating circumstance. *See McCann v. State*, 749 N.E.2d 1116, 1120 (Ind. 2001). Given that a person need not be the triggerman to be convicted of felony murder, the fact that he is one certainly paints a more complete picture of the crime and his attendant culpability.

---

[2] We are aware that not all of the charges, such as both Count V (murder) and Count VI (felony murder) could have sustained separate convictions.

The trial court was fully within its discretion to consider Blacknell's status as triggerman in sentencing him to felony murder.

### 3.      Weight

Based upon his claims of error regarding the sentencing factors, Blacknell further argues that they should now be reweighed.   Having found no error, we decline Blacknell's invitation.  The trial court was fully within its discretion to place great weight upon Blacknell's status as triggerman and find that it balanced against the mitigating factors of employment and family support.

### II.      Appropriateness

Blacknell further claims that his fifty-five-year executed sentence is inappropriately harsh in light of the nature of his offense and his character.[3]   Article VII, Sections 4 and 6 of the Indiana Constitution "'authorize[] independent appellate review and revision of a sentence imposed by the trial court.'"  *Anglemyer I*, 868 N.E.2d at 491 (quoting *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006) (emphasis and internal quotations omitted)).  Such appellate authority is implemented through Indiana Appellate Rule 7(B), which provides that the "Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."  We exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires

---

[3] Technically, Blacknell claims that his sentence is manifestly unreasonable.  Effective January 1, 2003, Indiana Appellate Rule 7(B) requires that a sentence be "inappropriate" rather than "manifestly unreasonable" to warrant appellate revision.  *See Polk v. State*, 783 N.E.2d 1253, 1260-61 (Ind. Ct. App. 2003), *trans. denied*.  This 2003 amendment is applicable to the case at hand, where the crime at issue did not even occur until June of 2003.

that we give "due consideration" to that decision and because we recognize the unique perspective a trial court has when making sentencing decisions. *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). It is the defendant's burden to demonstrate that his sentence is inappropriate. *Childress*, 848 N.E.2d at 1080.

Indiana Code section 35-50-2-3 (2002), which was in effect at the time of Blacknell's crime, provided that the range for a murder sentence was from forty-five to sixty-five years, with a presumptive sentence of fifty-five years. Blacknell received a presumptive fifty-five-year executed term, which was the presumptive sentence under the statute and the maximum under the plea.

This sentence is not inappropriate. Blacknell, an admitted drug user, approached a drug deal armed with a loaded weapon and shot his victim in a robbery attempt. While Blacknell's history of employment, strong family support, and lack of official criminal history would tend to show he is of better character, his ability to commit felony murder while motivated by robbery demonstrates to the contrary. These facts are sufficiently egregious to warrant a presumptive executed sentence.

The judgment of the trial court is affirmed.

KIRSCH, J., and BARNES, J., concur.