**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**KRISTIN A. MULHOLLAND**
Appellate Division
Office of the Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

**FILED**
May 16 2012, 9:28 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

CLAUDIO IGOR GONZALEZ,           )
                                 )
    Appellant-Defendant,        )
                                 )
      vs.                   )           No. 45A04-1110-CR-549
                                 )
STATE OF INDIANA,                )
                                 )
    Appellee-Plaintiff.         )

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Clarence B. Murray, Judge
Cause No. 45G02-0912-FA-46

**May 16, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Claudio Gonzalez pled guilty to class B felony aggravated battery and was sentenced to twelve years, with ten years executed and two years suspended to probation. On appeal, he argues that his sentence is inappropriate in light of the nature of the offense and his character. Because Gonzalez fails to carry his burden to persuade us that his sentence is inappropriate, we affirm.

**Facts and Procedural History**

The parties' stipulated factual basis provides that on December 2, 2009, Gonzalez and Juan Brizuela drove to Dorotea Alvarado's Hammond home. Brizuela drove, and Gonzalez sat in the front passenger seat. As they approached the residence, Gonzalez took out a .22 caliber handgun and fired it at the residence. They drove around the block and approached the residence a second time. Gonzalez fired the handgun several more times at the home. A bullet fired from Gonzalez's handgun struck Alvarado in the back. As she lay on the porch, Brizuela and Gonzalez drove away. Alvarado was taken to the hospital. She spent several weeks there and underwent several surgeries. Her spleen ruptured and had to be removed.

The State charged Gonzalez with class A felony attempted murder, class B felony aggravated battery, class C felony battery, and three counts of class C felony criminal recklessness. In September 2011, Gonzalez pled guilty to class B felony aggravated battery, and the State agreed to dismiss the remaining charges. The plea agreement provided that the parties were free to fully argue their respective positions as to Gonzalez's sentence to the trial court.

At the sentencing hearing, the dean of Gonzalez's high school testified that Gonzalez was a "bright" student, had expressed remorse for his crime, and had refocused his behavior. Sentencing Tr. at 22. Gonzalez's work supervisor testified that Gonzalez had been employed at D&M Recycling for the past four months, was "a very good employee," and that D&M would be willing to rehire him. *Id*. at 30.

In determining Gonzalez's sentence, the trial court found two aggravating factors: Gonzalez's history of juvenile adjudications consisting of possession of marijuana, visiting a common nuisance, and two criminal trespass, all of which would be class A misdemeanors if committed by an adult; and the nature of the crime in that Gonzalez was the "trigger man" in a drive-by shooting committed without any provocation, which resulted in a middle aged woman left for dead who had her spleen removed, and "the defendants made 'two drive by's [sic]' in order to accomplish their purpose of firing the gun at the home." Appellant's Br. at 12. The trial court also found two mitigating factors: Gonzalez's guilty plea; and that he was sixteen at the time of the crime. The trial court found that the aggravating factors outweighed the mitigating factors and sentenced Gonzalez to twelve years, with two years suspended to probation. Gonzalez appeals.

**Discussion and Decision**

Gonzalez claims that his sentence is inappropriate. Article 7, Section 6 of the Indiana Constitution authorizes "'independent appellate review and revision of a sentence imposed by the trial court.'" *Light v. State*, 926 N.E.2d 1122, 1124 (Ind. Ct. App. 2010) (quoting *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007)) (brackets omitted), *trans. denied.* Our

appellate authority is implemented through Indiana Appellate Rule 7(B), which states, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."[1] The defendant bears the burden of persuading us that the sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

Regarding the nature of the offense, "the advisory sentence is the starting point the Legislature selected as appropriate for the crime committed." *Pierce v. State*, 949 N.E.2d 349, 352 (Ind. 2011). The sentencing range for a class B felony is six to twenty years, with an advisory sentence of ten years. Ind. Code § 35-50-2-5. Gonzalez was sentenced to two years above the advisory sentence. Gonzalez pled guilty to aggravated battery, which is defined in relevant part as a knowing or intentional infliction of injury on a person that creates a substantial risk of death or causes protracted loss or impairment of the function of a bodily member or organ. Ind. Code § 35-42-2-1.5. As the trial court noted, this drive-by shooting was entirely unprovoked. In addition, Gonzalez was not satisfied with one drive-by

---

[1] Gonzalez's asserts that "under Appellate Rule 7(B), this court must undertake an independent review of the mitigating and aggravating factors." Reply Br. at 6 (citing *Cardwell v. State*, 895 N.E.2d 1219 (Ind. 2008)). Gonzalez fails to provide a pinpoint citation and misstates our function under Appellate Rule 7(B). The *Cardwell* court stated that the "relative weight or value assignable to reasons properly found or those which should have been found is not subject to review for abuse." 895 N.E.2d at 1223 (quoting *Anglemyer*, 868 N.E.2d at 491). The *Cardwell* court explained, "Assigning relative weights to properly found facts often presents issues as to which there are no right or wrong answers. This decision presents merely a range of permissible conclusions, any one of which the trial court may adopt without review by the appellate court." *Id.* Contrary to Gonzalez's assertion, our review of a defendant's sentence under Appellate Rule 7(B) is geared toward assessing whether, in light of the nature of the offense and character of the offender, the sentence imposed by the trial court "is sufficiently outside the range of appropriate results" that a defendant's sentence should be revised. *Id.* at 1226.

Further, we observe that the font used in Gonzalez's reply brief does not appear to be any of the approved fonts listed in Indiana Appellate Rule 43(D).

shooting; he drove around the block and returned to Alvarado's home a second time to fire the gun. Alvarado was shot in the back and left lying on her front porch. She had to spend several weeks in the hospital, underwent several surgeries, and had to have her spleen removed. Given the nature of Gonzalez's offense, his twelve-year sentence is not inappropriate.

As to Gonzalez's character, he argues that both the dean of his high school and his work supervisor testified to his good character and that their testimony combined with the fact that he was sixteen years old when he committed this offense warrant a minimum sentence. We observe that a defendant's youthful age is not automatically a significant factor in sentencing. *See Gross v. State*, 769 N.E.2d 1136, 1141 n.4 (Ind. 2002) (concluding that defendant had not demonstrated that his age and culpability were linked and upholding life sentence without parole for his murder conviction), *cert. denied* (2009). "There are both relatively old offenders who seem clueless and relatively young ones who appear hardened and purposeful." *Monegan v. State*, 756 N.E.2d 499, 504 (Ind. 2001).

Here, Gonzalez, not Brizuela, fired the gun. Further, prior to committing the current offense, Gonzalez already had a criminal history consisting of juvenile adjudications for possession of marijuana and visiting a common nuisance. *After* he committed this offense, he engaged in additional criminal conduct and received two more juvenile adjudications for criminal trespass. "[T]he significance of a defendant's prior criminal history in determining whether to impose a sentence enhancement will vary 'based on the gravity, nature and number of prior offenses as they relate to the current offense.'" *Smith v. State*, 889 N.E.2d

5

261, 263 (Ind. 2008) (quoting *Ruiz v. State*, 818 N.E.2d 927, 929 (Ind. 2004)).  Although Gonzalez's juvenile adjudications are not related to the current offense, they show a repetitive pattern of disregarding the law.

Gonzalez has failed to persuade us that his sentence is inappropriate based on the nature of his offense and his character.  Therefore, we affirm Gonzalez's twelve-year sentence.

Affirmed.

VAIDIK, J., and BRADFORD, J., concur.