**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**BRUCE W. GRAHAM**
Graham Law Firm P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

FILED
Jun 13 2012, 9:14 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHAD STEWART, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 79A02-1110-CR-972 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Donald L. Daniel, Judge
Cause No. 79C01-1008-FB-10

**June 13, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

Chad Stewart appeals the sentence imposed by the trial court following his guilty plea to two counts of class B felony child molesting. The trial court sentenced Stewart to twelve years on each count, to be served concurrently, with one year suspended to probation, for a total executed sentence of eleven years. Stewart claims that his sentence is inappropriate and asks this Court to revise and reduce his sentence. Concluding that Stewart has not met his burden to show that his sentence is inappropriate, we decline his invitation for sentence revision and affirm.

## Facts and Procedural History

In 1999, then-seventeen-year-old Stewart was neighbors with six-year-old A.D. and eight-year-old S.D. Stewart would sometimes babysit A.D. and S.D. and/or take A.D. and S.D. into the woods near their house. Between the months of May and December 1999, on more than one occasion, Stewart engaged in deviate sexual conduct with A.D. and S.D. This deviate sexual conduct involved the sex organ of one person and the mouth of another person. Stewart threatened to tie the young children to the railroad tracks that ran in front of their home if they were to tell anyone about these molestations. Consequently, the children did not report the molestations to an adult until a few months after the events occurred. Although Child Protective Services was contacted at the time, for unknown reasons, the case was either not investigated or was dismissed. Many years later, sixteen-year-old A.D. and eighteen-year-old S.D. reported Stewart's conduct to law enforcement.

On August 26, 2010, the State charged Stewart with eight counts of class B felony child molesting.[1] Stewart moved to dismiss the charges on June 2, 2011, alleging that the offenses were time-barred. The trial court granted the motion to dismiss on July 28, 2011. Then, on August 1, 2011, the State filed a motion to correct error arguing, among other things, that the legislature has provided an extended statute of limitations for certain class B felony sex offenses.[2] The trial court granted the State's motion on August 5, 2011. On August 18, 2011, Stewart entered into a plea agreement with the State. The agreement provided that Stewart would plead guilty to two counts of class B felony child molesting in exchange for dismissal of the six remaining counts. The agreement left sentencing to the trial court's discretion, except that the sentences imposed were to run concurrently. Following a sentencing hearing on September 30, 2011, the trial court sentenced Stewart to concurrent terms of twelve years on each count, with one year suspended. This appeal ensued.

## Discussion and Decision

Stewart claims that the twelve-year sentence imposed by the trial court is inappropriate and he asks us to revise it. Article 7, Section 6 of the Indiana Constitution authorizes "'independent appellate review and revision of a sentence imposed by the trial court.'" *Light v. State*, 926 N.E.2d 1122, 1124 (Ind. Ct. App. 2010) (quoting *Anglemyer v.*

[1] Because Stewart was sixteen years of age or older when the crimes were committed, the trial court waived juvenile jurisdiction. Appellant's App. at 41-42.

[2] While prosecution for a class B felony is generally barred unless commenced within five years after the commission of the offense, a prosecution for class B felony child molesting, Indiana Code Section 35-42-4-3(a), is barred unless commenced before the date that the alleged victim of the offense reaches thirty-one years of age. Ind. Code § 35-41-4-2.

3

*State*, 868 N.E.2d 482, 491 (Ind. 2007)) (brackets omitted), *trans. denied*. Pursuant to Indiana Appellate Rule 7(B), we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find the sentence "is inappropriate in light of the nature of the offense and the character of the offender." "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The defendant bears the burden to persuade this Court that his sentence is inappropriate. *Anderson v. State*, 961 N.E.2d 19, 33 (Ind. Ct. App. 2012), *trans. denied*.

Regarding the nature of the offenses, "the advisory sentence is the starting point the Legislature selected as appropriate for the crime committed." *Pierce v. State*, 949 N.E.2d 349, 352 (Ind. 2011). The sentencing range for a class B felony is between six and twenty years, with an advisory sentence of ten years. Ind. Code § 35-50-2-5. One factor we consider when determining if deviation from the advisory sentence was appropriate is whether there is anything more or less egregious about the offense committed by the defendant that makes it different from the "typical" offense that was accounted for by the legislature when it set the advisory sentence. *Rich v. State*, 890 N.E.2d 44, 54 (Ind. Ct. App. 2008), *trans. denied*. Here, Stewart was in a position of trust as a babysitter of his very young victims. He molested them on more than one occasion and threatened to tie the children to the railroad tracks just outside their home if they were to report the molestations.

The trial court found that the nature of these offenses warranted a sentence slightly in excess of the advisory and, in light of the facts, we cannot disagree.

As for Stewart's character, between the time of the molestations and his arrest on those charges, Stewart was convicted of five misdemeanors and three felonies. Although Stewart's criminal history involves mainly alcohol related offenses, his extensive criminal history evidences his disdain for the law. Moreover, the grace of probation has been extended to Stewart numerous times, and he has violated that probation at each and every turn.

Stewart maintains that his sentence does not reflect mitigating consideration that he was only seventeen years old at the time of the offenses. We observe that a defendant's youthful age is not automatically a significant factor in sentencing. "There are both relatively old offenders who seem clueless and relatively young ones who appear hardened and purposeful." *Monegan v. State*, 756 N.E.2d 499, 504 (Ind. 2001). Despite Stewart's age of seventeen, Stewart's threat to his young victims is evidence of his hardened and purposeful behavior. Additionally, we agree with the State that Stewart's letters written to the trial court while awaiting sentencing shed ample light on Stewart's poor character. In one of those letters, Stewart refers to his eight-year-old victim S.D. as a "ho" and states that he heard that by the time she was in fifth grade, she was engaging in oral sex with "everyone." Appellant's Confidential App. at 67. We find Stewart's denigration of his victim reprehensible and a clear indication of his lack of remorse.

In sum, Stewart has failed to persuade us that his sentence is inappropriate in light of the nature of his offenses and his character. Therefore, we affirm the sentence imposed by the trial court.

Affirmed.

VAIDIK, J., and BRADFORD, J., concur.