**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 03 2012, 9:36 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**THOMAS W. VANES**
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANTONIO MARTELL TWIGGS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  45A03-1111-CR-538 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Thomas P. Stefaniak, Jr., Judge
Cause No. 45G04-1104-FB-42

**July 3, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-defendant Antonio Martell Twiggs appeals the sentence imposed after he pleaded guilty to Burglary[1] as a class B felony. Twiggs's sole contention is that his sentence is inappropriate given the nature of the offense and his character. Concluding that Twiggs was properly sentenced, we affirm the judgment of the trial court.

## FACTS

In July 2011, nineteen-year-old Twiggs and three other men broke out the window of a home in Hammond, entered the home, and took four televisions, four computers, a gun case containing ammunition, a case of CD's, a case of DVD's, a box of jewelry, and speakers. Twiggs and the other men took some of the items to a pawn shop where Twiggs gave fingerprint identification during the pawn transaction.

Twiggs pleaded guilty to class B felony burglary. Evidence introduced at the sentencing hearing reveals that Twiggs has a criminal history that includes seven juvenile adjudications for committing acts such as battery, possession of cocaine, and resisting law enforcement, which would be crimes if committed by an adult. Twiggs also has an adult misdemeanor conviction for resisting law enforcement and an adult felony conviction in Illinois for aggravated unlawful use of a weapon. He was on probation for the Illinois felony when he committed the instant offense. Twiggs has been a member of the Spanish Gangster Disciples since he was twelve years old.

---

[1] Ind. Code § 35-43-2-1.

The trial court sentenced Twiggs to the ten-year advisory term for a class B felony with eight years executed and two years suspended to be served in the Lake County Community Corrections program. Twiggs appeals this sentence.

DISCUSSION AND DECISION

Twiggs's sole contention is that his sentence is inappropriate given the nature of the offense and his character. Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. The defendant bears the burden of persuading us that the sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

Here, with regard to the nature of the offense, Twiggs and a group of other men broke out the window of a family's home, entered the home, and removed many of the family's possessions, including four computers, four televisions, a gun case containing ammunition, a case of CD's, a case of DVD's, a box of jewelry, and speakers. Twiggs' criminal history shows a pattern of crimes indicating a disregard for other persons and their property as well as an escalation in the threat of violence to those persons. See Ruiz v. State, 818 N.E.2d 927, 929 (Ind. 2004) (holding that the significance of prior criminal history varies based on the gravity, nature, and number of prior offenses as they relate to the current offense).

With regard to the character of the offender, at the age of nineteen, Twiggs already had seven juvenile adjudications as well as an adult misdemeanor conviction for resisting

3

law enforcement and an adult felony conviction for aggravated unlawful use of a weapon. He was on probation for the felony when he committed the instant offense and has been the member of a gang since he was twelve years old. Twiggs's prior contacts with the legal system have not caused him to reform himself. Accordingly, we decline to revise his sentence.

The judgment of the trial court is affirmed.

KIRSCH, J., and BROWN, J., concur.