**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MATTHEW J. MCGOVERN**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHRISTOPHER BAXTER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 22A01-1312-CR-551 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE FLOYD SUPERIOR COURT
The Honorable Maria D. Granger, Judge
Cause No. 22D03-1202-MR-223

**June 18, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Christopher Baxter ("Baxter") challenges the forty-year sentence imposed following his conviction for the murder of his wife, Robin. He presents the sole issue of whether the sentence, which was the presumptive sentence for murder at the time of the crime, is inappropriate. We affirm.

**Facts and Procedural History**

On June 23, 1990, Robin's body was found in the Ohio River. She had died of blunt force trauma to the back of her head. In 2012, Baxter was charged with her murder. A jury convicted him of that charge on July 18, 2012. Baxter was sentenced to fifty-five years imprisonment.

Baxter appealed, raising several issues which included a sentencing challenge. This Court affirmed Baxter's conviction but remanded the matter to the trial court with instructions to sentence Baxter according to the sentencing scheme in effect in 1990. Baxter v. State, No. 22A01-1210-CR-447 (Ind. Ct. App. June 19, 2013). On remand, Baxter received a sentence of forty years. He now appeals.

**Discussion and Decision**

At the time of Robin's murder in 1990, Indiana Code section 35-50-2-3 provided that the presumptive sentence for murder was forty years, the maximum sentence was sixty years, and the minimum sentence was thirty years. The trial court found Baxter's criminal history prior to 2001 to be an aggravating factor, and found his lack of criminal history from 2001 forward to be a mitigating factor. Concluding that these factors "balance fairly evenly

2

against one another," the trial court imposed the presumptive sentence. (Resentencing Tr. 10.)

"The presumptive sentence [was] the starting point the General Assembly has selected as an appropriate sentence for the crime committed." Ruiz v. State, 818 N.E.2d 927, 929 (Ind. 2004). Baxter asks that we revise his presumptive sentence to the minimum sentence of thirty years. More specifically, he argues that his criminal history consisted of non-violent misdemeanor offenses and he did not kill Robin with brutality greater than that inherent in the crime of murder.

The authority granted to this Court by Article 7, § 6 of the Indiana Constitution permitting appellate review and revision of criminal sentences is implemented through Appellate Rule 7(B), which provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In performing our review, we assess "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. Cardwell v. State, 895 N.E.2d 1219, 1224 (Ind. 2008). The principal role of such review is to attempt to leaven the outliers. Id. at 1225. A defendant '"must persuade the appellate court that his or her sentence has met the[e] inappropriateness standard of review."' Anglemyer v. State, 868 N.E.2d 482, 494 (Ind. 2007) (quoting Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006)).

3

The nature of Baxter's offense is that he inflicted upon his wife a severe beating – from all indications, by means of a solid aluminum bar – which culminated in death. Although blunt force trauma to the back of Robin's head was the mortal wound, she had also suffered multiple lacerations to her face and head prior to death. Dr. Amy Burrows-Beckham, a medical examiner, testified at Baxter's trial that a "significant amount of force" was required to cause the skull fracture Robin had sustained and that her injuries stemmed from multiple blows. (Tr. 272.) This belies Baxter's assertion that there was no greater degree of brutality involved than that inherent in murder.[1]

Further, Baxter took steps to conceal his crime. He hid Robin's body and ultimately dumped it into the Ohio River. He also hid an aluminum bar he had nicknamed "The Enforcer" in a wall; it was discovered by a successive tenant in Baxter's house.

As for Baxter's character, he has a criminal history consisting of misdemeanors, primarily alcohol-related. These offenses are not particularly grave. See Ruiz, 818 N.E.2d at 929 (concluding that four alcohol-related misdemeanors did not support aggravation of a child molesting sentence although alcohol was involved in the latter offense). Baxter has also been terminated unsuccessfully from probation. He has no criminal history of record after 2001.[2]

Having reviewed the matter, we conclude that the trial court did not impose an inappropriate sentence under Appellate Rule 7(B), and the sentence does not warrant

---

[1] Our Indiana Supreme Court has declared that a murderer is deserving of an enhanced sentence under facts where "the nature of the killings are brutal." Taylor v. State, 840 N.E.2d 324, 341 (Ind. 2006). Baxter did not, however, receive an enhanced sentence.

[2] There was testimony that he physically attacked a family friend who confronted him about Robin's death.

4

appellate revision. Accordingly, we decline to disturb the sentence imposed by the trial court.

## Conclusion

Baxter's forty-year presumptive sentence for murder is not inappropriate.

Affirmed.

KIRSCH, J., and MAY, J., concur.