**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**HUGH N. TAYLOR**
Hugh N. Taylor, P.C.
Auburn, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DEXTER STACY, SR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 76A04-1303-CR-113 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE STEUBEN SUPERIOR COURT
The Honorable William C. Fee, Judge
Cause No. 76D01-1201-FA-34

**November 6, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Dexter Stacy, Sr. ("Stacy") challenges his seventy-five-year aggregate sentence for two counts of Child Molesting, as Class A felonies.[1] We affirm.

**Issues**

Stacy presents for our review two issues, which we revise and restate as:

I.      Whether the trial court abused its sentencing discretion; and

II.     Whether Stacy's sentence is inappropriate.[2]

**Facts and Procedural History**

On December 16, 2011, Fort Wayne Police Officer Michael Bell responded to a report of child molestation. During the ensuing investigation, it was alleged that Stacy had molested R.W., his eight-year-old biological daughter, and S.P., his seven-year-old stepdaughter. (Tr. at 156-59.) Stacy was charged with two counts of Child Molesting, as Class A felonies.

A jury trial was conducted on February 13 and 14, 2013. R.W. testified that several times Stacy had engaged in sexual intercourse with her, and had placed his mouth on her genitals. (Tr. at 138-42.) She further testified that S.P. was in the room with them when this occurred. (Tr. at 142.) S.P. testified that several times Stacy had touched her inappropriately, and had engaged in sexual intercourse with her. (Tr. at 148-51.) She further

---

[1] Ind. Code § 35-42-4-3(a)(1).

[2] Stacy intermingles claims that the trial court abused its sentencing discretion with claims that his sentence is inappropriate. However, "[a]s our Supreme Court has made clear, inappropriate sentence and abuse of discretion claims are to be analyzed separately." King v. State, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008) (citing Anglemyer v. State, 868 N.E.2d 482, 491 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218 (Ind. 2007)). Therefore, we address each claim of error in turn.

testified that R.W. was in the room with them when this occurred. (Tr. at 148-49.) R.W. and S.P. both tested positive for chlamydia. (Tr. at 155, 159.) At the conclusion of the trial, the jury found Stacy guilty of both counts.

On March 1, 2013, the trial court entered judgments of conviction and sentenced Stacy to forty years imprisonment for one count, and forty years imprisonment with five years suspended to probation for the other count. The terms of imprisonment were to be run consecutively, yielding an aggregate sentence of seventy-five years.

Stacy now appeals.

## Discussion and Decision

### Abuse of Discretion

A Class A felony carries a sentencing range between twenty and fifty years with an advisory sentence of thirty years. I.C. § 35-50-2-4. Stacy received sentences of forty years for Count I and thirty-five years executed for Count II, with the terms to be run consecutively. In imposing this sentence, the trial court found that there were no mitigating circumstances, observing that Stacy showed no sympathy, emotion, or remorse for the victims. (Tr. at 230.) The court found as aggravating circumstances that Stacy had a criminal record, that he had violated conditions of probation in the past, that the victims were both less than twelve years old, and that he had care, custody, and control over the victims. (Tr. at 230-31.) Stacy contends that the trial court abused its discretion in finding aggravating circumstances.

"So long as [a] sentence is within the statutory range, it is subject to review only for

3

abuse of discretion." Anglemyer, 868 N.E.2d at 490. A trial court abuses its discretion if the reasons and circumstances for imposing a particular sentence are clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. Hollin v. State, 877 N.E.2d 462, 464 (Ind. 2007). A defendant may challenge findings of aggravating circumstances only to the extent that they are not supported by the record or are improper as a matter of law. Anglemyer, 868 N.E.2d at 490-91. A trial court's sentencing order may not be challenged as reflecting an improper weighing of sentencing factors. Id. at 491.

Stacy first argues that the trial court improperly found his lack of sympathy, emotion, or remorse as an aggravating circumstance. However, the record reveals that the trial court treated Stacy's lack of sympathy, emotion, or remorse as supporting a finding of a lack of mitigating circumstances, rather than as an aggravating circumstance. (Tr. at 230.)

Stacy next challenges the trial court's finding of his criminal history as an aggravating circumstance. The significance of a defendant's criminal history as an aggravating circumstance will vary based on the gravity, nature, and number of prior offenses, and their relation to the current offense. Prickett v. State, 856 N.E.2d 1203, 1209 (Ind. 2006). Yet, a trial court properly may consider a defendant's prior criminal history as an aggravating circumstance. I.C. § 35-38-1-7.1(a)(2); Prickett, 856 N.E.2d at 1208-09. And to the extent Stacy argues that the trial court gave improper weight to his criminal history, this is an invitation for us to reweigh aggravating circumstances, which we cannot do. Anglemyer, 868 N.E.2d at 491.

4

Stacy contends that the trial court improperly found a material element of the crimes, the age of the victims, as an aggravating circumstance. However, trial courts are not prohibited from considering material elements of an offense in finding aggravating circumstances for sentencing. Pedraza v. State, 887 N.E.2d 77, 80 (Ind. 2008).

Finally, Stacy asserts that the trial court improperly found his abuse of a position of trust as an aggravating circumstance. But, a defendant's abuse of a position of trust properly may be found as an aggravating circumstance for sentencing. I.C. § 35-38-1-7.1(a)(8); see also Amalfitano v. State, 956 N.E.2d 208, 211 (Ind. Ct. App. 2011), trans. denied. And to the extent Stacy attempts to argue that abuse of a position of trust is an element of the crime of child molesting, and thus may not be used as an aggravating circumstance, we have already rejected this argument, supra. See Pedraza, 887 N.E.2d at 80.

We thus conclude that the trial court did not abuse its discretion in finding aggravating circumstances.

Inappropriate Sentence

We turn now to Stacy's claim that his sentence is inappropriate. The authority granted to this Court by Article 7, § 6 of the Indiana Constitution permitting appellate review and revision of criminal sentences is implemented through Appellate Rule 7(B), which provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, and as interpreted by case law, appellate courts may revise sentences after due consideration of the trial court's decision, if

5

the sentence is found to be inappropriate in light of the nature of the offense and the character of the offender. Cardwell v. State, 895 N.E.2d 1219, 1222-25 (Ind. 2008); Serino v. State, 798 N.E.2d 852, 856-57 (Ind. 2003). The principal role of such review is to attempt to leaven the outliers. Cardwell, 895 N.E.2d at 1225.

We turn first to the nature of the offenses. Stacy, in his thirties, engaged in sexual intercourse with R.W., his eight-year-old biological daughter, and S.P., his seven-year-old stepdaughter. This was sufficient to complete two acts of Child Molesting, as Class A felonies. However, Stacy committed these acts multiple times; in addition, he placed his mouth on R.W.'s genitals and inappropriately touched S.P. Following this, the two girls tested positive for chlamydia. Stacy's actions went beyond the two acts of Child Molesting for which he was convicted.

We turn next to the character of the offender. Stacy, in his thirties, several times engaged in sexual intercourse with R.W., his eight-year-old biological daughter, and S.P., his seven-year-old stepdaughter, after which both girls tested positive for chlamydia. Stacy has six prior criminal convictions, including one felony. And on several occasions he has violated probation, failed to appear in court, or failed to follow court orders. Stacy's behavior indicates that he harbors a general disregard for the law, an unwillingness to conform his behavior to acceptable standards, and an unwillingness to rehabilitate himself.

Therefore, having reviewed the matter, we conclude that the trial court did not impose an inappropriate sentence under Appellate Rule 7(B), and the sentence does not warrant appellate revision. Accordingly, we decline to disturb the sentence imposed by the trial

6

court.

## Conclusion

The trial court did not abuse its sentencing discretion, and Stacy's sentence is not inappropriate.

Affirmed.

MAY, J., and BRADFORD, J., concur.