ATTORNEYS FOR APPELLANT
Robert W. Hammerle
Joseph M. Cleary
Hammerle & Allen
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

_____

# In the
# Indiana Supreme Court

_____

No. 49S04-0510-CR-475

JERRY REYES,

*Appellant (Plaintiff below),*

v.

STATE OF INDIANA

*Appellee (Defendant below).*

_____

Appeal from the Marion Superior Court, Criminal Division Room 4
No. 49G04-0207-MR-193968
The Honorable Patricia J. Gifford, Judge

_____

On Petition To Transfer from the Indiana Court of Appeals, No. 49A04-0406-CR-351

_____

**June 14, 2006**

**Rucker, Justice.**

Jerry Reyes seeks transfer from an opinion of the Court of Appeals affirming his sentence for voluntary manslaughter as a Class B felony. He pleaded guilty to this offense and in exchange the State dismissed a murder charge. The plea agreement provided in pertinent part

that, "[t]he sentence shall be within the range of ten to twenty years and will be determined by the court at the sentencing hearing." App. at 203. Thereafter, the trial court sentenced Reyes to twenty years—the maximum allowed under the agreement. On review Reyes raised three related issues including whether his sentence was inappropriate within the meaning of Indiana Appellate Rule 7(B). The Court of Appeals affirmed the judgment of the trial court but declined to address this latter issue. Citing Gist v. State, 804 N.E.2d 1204, 1207 (Ind. Ct. App. 2004), and Mann v. State, 742 N.E.2d 1025, 1026 n.1 (Ind. Ct. App. 2001), the court held, "when a defendant's plea provides for a specific sentencing range, implicit in the defendant's agreement is his concession that a sentence within that range is appropriate." Reyes v. State, 828 N.E.2d 420, 426 (Ind. Ct. App. 2005). In an opinion handed down today we disagreed with this proposition and held instead that Indiana Appellate Rule 7(B)

> articulates a standard of review designed as guidance for appellate courts. . . . Of course a defendant must persuade the appellate court that his or her sentence has met this inappropriateness standard of review. But to say that a defendant has acquiesced in his or her sentence or has implicitly agreed that the sentence is appropriate undermines in our view the scope of authority set forth in Article VII, Section 4 of the Indiana Constitution. We thus disapprove of language in Gist, Mann, and their progeny providing otherwise.

Childress v. State, No. 61S01-0510-CR-484, ___N.E.2d___, ___, slip op. at 9 (Ind. June 14, 2006). Accordingly, we proceed to address Reyes' inappropriateness claim. Otherwise, we summarily affirm the Court of Appeals' opinion.

Indiana Appellate Rule 7(B) provides, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Regarding the nature of the offense, the presumptive sentence[1] is the starting point the Legislature has selected as an appropriate sentence for the crime committed. Ruiz v. State, 818 N.E.2d 927, 929 (Ind. 2004); Lander v. State, 762 N.E.2d 1208, 1214-15 (Ind. 2002). The presumptive sentence

---

[1] Subsequent to the date Reyes was sentenced the Legislature amended Indiana's sentencing statutes to provide for "advisory sentences" rather than "presumptive sentences." See Pub. L. No. 71-2005, § 5 (codified at Ind. Code § 35-50-2-1.3) (2005)).

2

(or now advisory sentence) for a Class B felony is ten years. <u>See</u> I.C. § 35-50-2-5. Although the nature of the offense may justify a presumptive sentence under some circumstances, those circumstances are not present here. The record shows that the victim's killing was particularly brutal. Reyes bludgeoned, strangled, and poisoned the victim in the sanctity of the victim's own home. Tr. at 10-11, 14. As for the character of the offender, Reyes is a medical doctor with no criminal history. But he also led a clandestine life that among other things included extensive use of illegal drugs. Indeed the victim, a sixty-two year old man, was a part of Reyes' circle of friends and Reyes used his friendship with the victim to gain access to his home. The record shows that on the night of the killing Reyes went to the victim's home to "settle a dispute" or "reason with [him]." Tr. at 11, 13. And Reyes brought with him a syringe filled with a drug later identified as doxepin. The autopsy performed on the victim revealed a needle puncture on his right arm and a lethal dose of the drug in his system. The record supports a conclusion that Reyes' character can best be described as dishonest, secretive, and manipulative. We are not persuaded that the nature of the offense or character of the offender justifies revising Reyes' sentence.

We affirm the judgment of the trial court.

Shepard, C.J., and Dickson, Sullivan and Boehm, JJ., concur.