ATTORNEY FOR APPELLANT
Sarah L. Nagy
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Grant H. Carlton
Deputy Attorney General
Indianapolis, Indiana

_____

# In the
# Indiana Supreme Court

_____

No. 06S04-0509-CR-413

SHAWN A. PRICKETT,

*Appellant (Defendant below)*,

v.

STATE OF INDIANA,

*Appellee (Plaintiff below)*.

_____

Appeal from the Boone County Superior Court I, No. 06D01-0110-CF-0107
The Honorable Matthew C. Kincaid, Judge

_____

On Petition To Transfer from the Indiana Court of Appeals, No. 06A04-0410-CR-00553

_____

**November 21, 2006**

**Sullivan, Justice.**

Defendant Shawn Prickett was convicted of child molesting for having sex with a 13-year-old girl. The presumptive sentence for this crime is 30 years. Prickett was sentenced to 40 years and ordered to pay restitution and register as a sex offender. He contends that the evidence at his trial was insufficient to support his conviction, but we find that there was ample evidence to support the jury's verdict. He also argues that the restitution and registration orders were imposed absent jury findings required by Blakely v. Washington, 542 U.S. 296 (2004), but we hold

that <u>Blakely</u> imposes no such requirement. We do agree with Prickett that the factors relied on by the trial court did not justify increasing the sentence above 30 years.

## Background

The facts most favorable to the judgment show that on the evening of October 5, 2001, A.M., age 13, went to the house of her friend, M.D. Also at the home that evening were M.D.'s half brother, Shawn Prickett, age 21, and his friends Justin Anderson, Quinn Bailey, and Cassie Wetherald.

Prickett and his three friends were in an upstairs room of the home and were eventually joined by A.M. and M.D. M.D. left the upstairs room shortly after arriving, while A.M. remained alone with Prickett and his friends. At some point after M.D.'s departure, Prickett asked A.M. to remove her clothing. A.M. complied with Prickett's request out of fear. Prickett then removed his own clothing and engaged in sexual intercourse with A.M. as his friends remained in the room and watched. During this encounter, Prickett also touched A.M.'s breast. The encounter ended after Prickett became angry at A.M.'s requests that he stop.

A.M. reported this incident to the Lebanon City Police Department on October 14, 2001. Prickett was subsequently charged with one count of Class A felony child molesting and one count of Class C felony child molesting. After a jury trial, Prickett was found guilty on both charges.

At his sentencing hearing, Prickett received a sentence of 40 years for the Class A felony child molesting conviction and a sentence of 8 years for the Class C felony child molesting conviction. The sentencing court enhanced both sentences from their respective 30- and four-year presumptives on the following aggravating bases: (1) Prickett had been on probation at the time he committed the offenses; (2) he had a previous criminal record; (3) he was in need of correctional and rehabilitative treatment that was best provided by commitment to a penal facility; and (4) his crime was committed forcibly. On balance, the court found no mitigating circumstances.

It ordered that the sentences run concurrently. Prickett appealed both his convictions and his sentences.

In an unpublished memorandum decision, the Court of Appeals affirmed both of Prickett's convictions for Class A and Class C felony child molesting. Prickett v. State, No. 06A04-0410-CR-553, slip op., 831 N.E.2d 854 (Ind. Ct. App. 2005) (table). With respect to Prickett's sentence, the court found that it was appropriate given "his extensive criminal history . . . ." Id., slip op. at 7. Prickett sought, and we granted, transfer. Prickett v. State, 841 N.E.2d 183 (Ind. 2005) (table).

## Discussion

Prickett presents three arguments. He asserts there was insufficient evidence to support his conviction. Prickett also contends that his sentence was unconstitutional because it "exceed[ed] the presumptive sentence established by the Legislature, [and was] based upon aggravating factors not found by a jury." Pet. to Trans. at i. Lastly, Prickett argues that the trial court committed reversible error in ordering him to register as a sex offender and pay restitution to his victim since "there was no independent finding by a jury beyond a reasonable doubt that [his] conduct met the requirements to merit the[se] additional penalt[ies] . . . ." Id. at 7.

## I

Prickett claims there is insufficient evidence to support his conviction because the testimony of the witnesses was "all conflicting." Id. at 1. It is well established that where a defendant is challenging the sufficiency of the evidence to support a conviction, we "neither reweigh the evidence nor judge the credibility of the witnesses, and we affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt." Wright v. State, 828 N.E.2d 904, 906 (Ind. 2005) (quoting Davis v. State, 813 N.E.2d 1176, 1178 (Ind. 2004)). The factfinder bears the responsibility for determining whether the evidence in a given case is suffi-

cient to satisfy each element of an offense, and we consider conflicting evidence in the light most favorable to the trial court's ruling. See id.

Indiana Code section 35-42-4-3(a) provides that a person who is at least 21 years of age commits Class A felony child molesting if, "with a child under fourteen (14) years of age, [he or she] performs or submits to sexual intercourse or deviate sexual conduct . . . ." Section (b) of the statute makes it a Class C felony for a person, "with a child under fourteen (14) years of age, [to] perform[ ] or submit[ ] to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person . . . ."

In the instant case, the evidence shows that Prickett was 21 years of age and A.M. was 13 years old at the time of the crime. In addition to the testimony of the victim, A.M., Justin Anderson, and Quinn Bailey also gave eyewitness testimony at trial indicating that Prickett and A.M. had engaged in sexual intercourse on October 5, 2001. Anderson also testified to witnessing Prickett having touched A.M.'s breast during this incident.

Prickett points us to inconsistent testimony regarding the victim's demeanor after the incident and the precise location of the witnesses and occupants of the home during the commission of the crime. All of these facts were put before the factfinder, which weighed the testimony and determined that Prickett had committed Class A and Class C felony child molesting beyond a reasonable doubt.[1] Under the above circumstances and the reasonable inferences that could be drawn from them, and given the probative evidence, we find that the evidence was sufficient for a reasonable trier of fact to find Prickett guilty of Class A and Class C felony child molesting.[2]

_____

[1] Prickett also argues that certain aspects of Justin Anderson's testimony were "incredibly dubious, and unbelievable." Pet. to Trans. at 1. Reliance upon the "incredible dubiosity" rule is permitted, however, only "where a sole witness presents inherently contradictory testimony that is equivocal or coerced and there is a lack of circumstantial evidence of guilt." Whedon v. State, 765 N.E.2d 1276, 1278 (Ind. 2002). Prickett's challenge based upon the incredible dubiosity rule fails to meet that threshold for the reasons already set forth above.

[2] Based upon concession by the State, the Court of Appeals ordered the Class C conviction vacated on double jeopardy grounds. We summarily affirm the Court of Appeals on this point. Ind. Appellate Rule 58(A)(2).

4

## II

Indiana Code section 35-50-2-4 governs the sentencing parameters to be applied to persons convicted of Class A felonies.  It directs that "a person who commits a Class A felony shall be imprisoned for a fixed term of thirty (30) years, with not more than twenty (20) years added for aggravating circumstances or not more than ten (10) years subtracted for mitigating circumstances . . . ."[3]  As noted earlier, the trial court sentenced Prickett to an enhanced term of 40 years of imprisonment for committing Class A felony child molesting.  He now seeks relief from that enhanced sentence.

## A

When a trial court relies on mitigating or aggravating circumstances in deciding whether to deviate from the statutory presumptive sentence, it is required to: "(1) identify all significant mitigating and aggravating circumstances; (2) state the specific reason why each circumstance has been determined to be mitigating or aggravating; and (3) articulate the court's evaluation and balancing of circumstances."  Francis v. State, 817 N.E.2d 235, 237 (Ind. 2004).  As already noted, the trial court in this case listed four aggravating circumstances to support its sentence: (1) Prickett was on probation at the time he committed the offense; (2) he had an extensive juvenile and adult criminal record; (3) Prickett was in need of correctional and rehabilitative treatment best provided by commitment to a penal institution; and (4) he committed his offense forcibly. The court gave substantial weight to the fact Prickett was on probation at the time he committed his offense.  It found no mitigating circumstances.

First, the trial court considered Prickett's criminal history.  Prickett's juvenile record shows adjudications for incorrigibility, burglary, and theft.  His adult record consists of misde-

---

[3] The current, amended version of Indiana Code section 35-50-2-4 refers to an "advisory" sentence.  In 2005, an amendment to this statute made in response to Blakely v. Washington, 542 U.S. 296 (2004), which included a change from "presumptive" sentences to "advisory" sentences, became effective. Reyes v. State, 848 N.E.2d 1081, 1083 n.1 (Ind. 2006); Weaver v. State, 845 N.E.2d 1066, 1070-72 (Ind. Ct. App. 2006), trans. denied, 855 N.E.2d 1011 (table).  We apply the version of the statute in effect at the time of Prickett's sentence and thus refer to his "presumptive" sentence, rather than an "advisory" sentence.

meanor convictions for illegal consumption of alcohol as a minor, mischief, and conversion. Prickett was placed on probation of one year for the latter offense. As such, there was evidence of a criminal history on which the trial court could have relied. We defer for a moment the discussion of the weightiness of Prickett's criminal history as a sentence enhancement factor.

Second, the trial court relied on Prickett's need for correctional and rehabilitative treatment best provided by commitment to a penal institution. We have found that "[f]or this aggravating circumstance to justify in part an enhanced sentence, it must be understood to mean that the defendant is in need of correctional and rehabilitative treatment that can best be provided by a period of incarceration in a penal facility in excess of the presumptive sentence term." Taylor v. State, 695 N.E.2d 117, 122 (Ind. 1998) (quoting Mayberry v. State, 670 N.E.2d 1262, 1271 (Ind. 1996)). In sentencing Prickett, the trial court determined that the highly structured and controlled environment of the Department of Correction was of the type "to crystallize in [Prickett's] mind and understanding the appropriate ways to relate to other human beings and to children." Tr. at 427. This explanation, however, does not make clear how a sentence enhancement of ten years beyond the presumptive sentence of 30 years relates to and helps achieve the above-stated goal. Thus, we find that the trial court's reliance on this factor was improper, as it failed to explain sufficiently how a sentence enhancement of ten years would better further the correctional and rehabilitative treatment of Prickett than the presumptive term.

Third, the trial court evaluated Prickett's alleged use of force to commit the crime and concluded that force was an aggravating circumstance that warranted a sentence enhancement. There was conflicting testimony as to whether Prickett or A.M initiated their sexual encounter. For example, Justin Anderson and Quinn Bailey both testified to witnessing A.M. beginning the encounter by positioning herself on top of Prickett and initiating intercourse. Conversely, A.M. testified to having been passive as Prickett penetrated her. Use of force would be a valid aggravating factor for the crime charged here and so the trial court, subject to constitutional constraints,[4] could properly rely on it for sentence enhancement. We defer discussion of the weightiness of the use of force as an aggravator in this case.

---

[4] Among the constitutional considerations that might well constrain a trial court's reliance on this aggravating circumstance is the mandate of Blakely that certain facts used to support an enhanced sentence be

Fourth and finally, the trial court gave "substantial weight" as an aggravating factor to the fact that Prickett was on probation when he committed the crime. Prickett had been placed on probation on February 4, 2001, as part of his sentence for Class A misdemeanor conversion. Prickett's probation status was a validly considered aggravating factor. We defer discussion of the weightiness of Prickett's probation.

**B**

We acknowledge the validity of three factors employed by the trial court in enhancing Prickett's sentence: Prickett's criminal history, use of force to commit the crime, and probation status. However, article VII, section 4, of the Indiana Constitution provides that "[t]he Supreme Court shall have, in all appeals of criminal cases, the power to . . . review and revise the sentence imposed." The contours of that authority are outlined in Indiana Appellate Rule 7(B), which states "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Upon review of the aggravating factors considered by the trial court, we find none of them sufficiently weighty to justify a ten-year sentence enhancement.

First, we consider Prickett's criminal history. We have previously concluded that the significance of a defendant's prior criminal history in determining whether to impose a sentence enhancement will vary "based on the gravity, nature and number of prior offenses as they relate to the current offense." Ruiz v. State, 818 N.E.2d 927, 929 (Ind. 2004) (quoting Wooley v. State, 716 N.E.2d 919, 929 (Ind. 1999)). While recognizing that a defendant's criminal history can be a valid aggravating circumstance, we find that it is of little weight in the instant case. None of Prickett's prior offenses bears any relation to the crime for which the sentence enhancement was applied. They are neither similar in gravity nor nature to the current offense. Id. Prickett's prior criminal history was neither sufficiently similar to the instant offense nor weighty enough to warrant consideration as an aggravating factor in enhancing his Class A felony sentence.

---

found by a jury beyond a reasonable doubt. Because of the way we resolve this issue, it is unnecessary for us to address the applicability of Blakely to this aggravating circumstance.

Second, we consider Prickett's alleged use of force. To show that an act was committed "forcibly" in this context would require evidence of force beyond that necessary to perform sexual intercourse and commit the crime of which Prickett was convicted. The record is insufficient to support such a conclusion. The inconsistent testimony of the witnesses in this case prevents a confident inference that such force was used. Though an evaluation of force as an aggravating factor was within the trial court's purview (again, subject to constitutional constraints), the record here, with its conflicting accounts of force used, does not offer weighty enough evidence of force to justify a sentence enhancement of ten additional years.

Third and finally, we are left with Prickett's probationary status at the time he committed the current offense. Probationary status is a valid aggravating factor, and sufficient to support sentence enhancement. However, in light of the lack of gravity in Prickett's criminal history and the weakness of the evidence supporting Prickett's use of force to commit the crime, probationary status alone does not support the ten-year sentence enhancement here. See Neff v. State, 849 N.E.2d 556, 563 (Ind. 2006) (holding probationary status aggravator did not affect sentence calculation).

Our analysis of these aggravating circumstances is such that they are not sufficiently weighty to warrant a sentence above the presumptive for a Class A felony. While we acknowledge that even one valid aggravating factor can, depending on the circumstances, be sufficient to enhance a presumptive sentence, Sherwood v. State, 702 N.E.2d 694, 699 (Ind. 1998), we nevertheless find that Prickett's enhancement was inappropriate in light of the nature of the offense and the character of the offender. We conclude that the trial court gave too much weight to these aggravating factors and order Prickett's sentence reduced to the presumptive term of 30 years.

C

Prickett also contends that his sentence is unconstitutional, on grounds that it exceeds the presumptive sentence established by the Legislature and was based upon aggravating factors not found by a jury. Prickett's argument on this point is a direct invocation of the United States Supreme Court's decision in Blakely v. Washington, 542 U.S. 296, 301 (2004), which held that,

with certain exceptions, facts that are used to support an enhanced sentence must be found by a jury beyond a reasonable doubt. Because we hold that Prickett's sentence be reduced from 40 years to the statutory presumptive term of 30 years on the basis of our constitutional review and revise authority for the reasons above, we do not address his <u>Blakely</u> claim.

III

As part of his sentence, the trial court also ordered Prickett to pay restitution to his victim and register as a sex offender. Prickett contends the trial court's actions in this regard were improper, as "there was no independent finding by a jury beyond a reasonable doubt that Prickett's conduct met the requirements to merit the additional penalty of restitution and sexual offender registry." Appellant's Br. at 15. Both of these questions are issues of first impression for this court and we address each in turn.

A

Indiana Code section 35-50-5-3 authorizes trial courts to order a defendant "to make restitution to the victim of the crime, the victim's estate, or the family of a victim who is deceased." It may fashion its order "upon a consideration of: . . . medical and hospital costs incurred by the victim . . . as a result of the crime; [and] the cost of medical laboratory tests to determine if the crime has caused the victim to contract a disease or other medical condition." I.C. § 35-50-5-3(a)(2) & (3) (2004). Prickett was ordered by the trial court to pay $732.00 to his victim for uncovered medical expenses she incurred as result of his crime.

A small number of federal courts have addressed the issue of whether restitution orders are affected by <u>Blakely</u>. At this point they have concluded they are not. <u>See United States v. Reifler</u>, 446 F.3d 65, 113-20 (2nd Cir. 2006) (finding that <u>Blakely</u> does not affect restitution orders after a survey of other circuits's holdings in similar cases); <u>United States v. Gordon</u>, 393 F.3d 1044, 1051 & n.2 (9th Cir. 2004) (quoting <u>United States v. DeGeorge</u>, 380 F.3d 1203, 1221 (9th Cir. 2004) to hold that a "restitution order made by the district court . . . is unaffected by <u>Blakely</u>."), <u>cert. denied</u>, 126 S. Ct. 472 (2005); <u>DeGeorge</u>, 380 F.3d at 1221 (quoting <u>United</u>

9

States v. Baker, 25 F.3d 1452, 1456 (9th Cir. 1994), to hold that "[r]estitution determinations . . . are quite different from sentencing determinations under the Sentencing Guidelines."). Their reasoning has been that "historically judges [have] imposed restitution." United States v. Visinaiz, 344 F. Supp. 2d 1310, 1323 (D. Utah 2004), aff'd, 428 F.3d 1300 (10th Cir. 2005), cert. denied, 126 S. Ct. 1101 (2006). They conclude that because the scope of the Framers' conception of the Sixth Amendment "did not embrace restitution orders, Blakely does not require a jury trial on restitution." Id. We follow this reasoning and find that the trial court's order of restitution for Prickett did not violate the requirements of Blakely, as they are inapplicable in this context.

**B**

We reach the same conclusion with respect to the sex offender registry. Indiana Code sections 5-2-12-4 through 5 govern who must register as a sex offender within the state. An "offender" is defined under the statute as any person convicted of any of the sex and violent offenses the statute lists, including child molesting. See I.C. § 5-2-12-4(a)(1) (2004). Any sex offender who resides in Indiana and has been convicted of any of the enumerated acts of section 5-2-12-4 is then required to register. See I.C. § 5-2-12-5(a)(1) (2004). Thus, a sex offender's submission to registration is by virtue of being found guilty by a jury of a sex offense. It is based upon the fact of the conviction. No additional finding is necessary from the jury or the court under those circumstances. See Doe v. O'Connor, 790 N.E.2d 985, 986 (Ind. 2003).

**Conclusion**

We affirm the trial court's decision with respect to Prickett's conviction and its order of restitution and to register as a sex offender. We, however, remand the issue of Prickett's sentence to the trial court with instructions to issue an amended sentencing order and to issue or make any other documents or docket entries necessary to impose a sentence of 30 years, without a hearing.

Shepard, C.J., and Dickson and Rucker, JJ., concur.  Boehm, J., concurs in result with separate opinion.

**Boehm, J., concurring in result.**

I agree with Prickett and the majority that Prickett's criminal history and his resulting probation are not enough to enhance his sentence. However, I would find the use of force to be an aggravating circumstance justifying the sentence imposed by the trial court. Although the majority finds the evidence not "weighty enough" based on the presence of inconsistent testimony, I do not believe it is appropriate for an appellate court to disregard the trial court's conclusion as to factual issues bearing on sentencing. The trial court found that this crime was committed by use of force.

Although I believe the trial court is in the best position to evaluate the credibility of these conflicting accounts, I agree that the sentence should be reduced for a different reason: the use of force was not found by a jury beyond a reasonable doubt as required by Blakely v. Washington, 542 U.S. 296 (2004). See Smylie v. State, 823 N.E.2d 679 (Ind. 2005). But for Blakely, I would not agree that Prickett's sentence must be reduced. However, after Blakely, I believe that Prickett's enhanced sentence violates the Federal Constitution. I therefore concur in the majority's conclusion that Prickett's sentence should be reduced to the presumptive thirty-year term.