## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 23 2016, 8:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Steven Knecht
Vonderheide & Knecht, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael R. Clark,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 23, 2016

Court of Appeals Case No.
79A02-1511-CR-2064

Appeal from the Tippecanoe
Circuit Court

The Honorable Thomas H.
Milligan, Senior Judge

Trial Court Cause No.
79C01-1412-F1-2

**Robb, Judge.**

# Case Summary and Issue

[1] Following a jury trial, Michael Clark was convicted of child molesting as a Level 1 felony. The trial court sentenced Clark to thirty-five years in the Indiana Department of Correction, with five years suspended to probation. Clark appeals his sentence, raising the sole issue of whether his sentence is inappropriate in light of the nature of the offense and his character. Concluding his sentence is not inappropriate, we affirm.

# Facts and Procedural History

[2] M.R. was born in 2005 and lives in Otterbein, Indiana, with her mother, brother, and mother's boyfriend. M.R. is deaf in one ear, which causes her to have difficulty speaking. At school, M.R. is enrolled in special needs courses for some, but not all, of her classes.

[3] In July 2014, eight-year-old M.R. was playing outside near her home. M.R. observed a cat in the street, thought it was in danger of being struck by a car, and picked it up. The cat scratched M.R. on her chest, and she began to bleed. A neighbor, later identified as forty-two-year-old Clark, saw the scratch and invited M.R. inside his home to apply medicine. M.R. initially declined, preferring to follow her mother's rule not to enter a stranger's house. However, Clark insisted, assuring her it was okay. Once inside, he placed medicine on M.R.'s chest, rubbed her legs near her thighs, and told her she was pretty. Clark then asked M.R. if she wanted to play, to which she agreed, and he took

her into his bedroom. Clark laid M.R. on his bed, lifted up her skirt, and performed oral sex on M.R. M.R. repeatedly told Clark stop. Afterwards, M.R. went home sobbing and immediately told her mother what happened.

[4] The State charged Clark with child molesting as a Level 1 felony. Following a second trial,[1] the jury found Clark guilty of child molesting as charged. At sentencing, the trial court found no mitigating factors and found as aggravating factors Clark's criminal history and history of substance abuse, his violations of pretrial release and probation conditions, and the physical and mental limitations of the victim. The trial court sentenced Clark to thirty-five years in the Indiana Department of Correction, with five of those years suspended to probation.

# Discussion and Decision

[5] Clark contends that his thirty-five-year sentence is inappropriate in light of the nature of his offense and his character. Indiana Rule of Appellate Procedure 7(B) gives appellate courts the authority to revise a defendant's sentence if, "after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden of persuading this court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080

---

[1] Clark's first jury trial resulted in a hung jury and mistrial.

(Ind. 2006). "[S]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). It is not for the reviewing court "to achieve a perceived 'correct' result in each case," but "[t]he principal role of appellate review should be to attempt to leaven the outliers." *Id.* at 1225. Whether we regard a sentence as inappropriate turns on "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Id.* at 1224.

[6] The advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). Clark was convicted of child molesting as a Level 1 felony. *See* Ind. Code § 35-42-4-3(a)(1). The statutory sentencing range for a Level 1 felony is twenty to forty years, with an advisory sentence of thirty years. Ind. Code § 35-50-2-4(b). Based upon its identification of several aggravating and no mitigating factors, the trial court imposed a thirty-five year sentence; thirty years executed and five years suspended to probation.

[7] As to the nature of the offense, Clark's actions were abhorrent. Clark asserts his actions "were no worse than those involved in any other case of this kind," he was not in a position of trust with M.R., and she suffered no physical injuries as a result of the molestation. Brief of Appellant at 10. However, Clark neglects to acknowledge he preyed upon an eight-year-old child with special needs, taking advantage of her vulnerability while injured in order to entice her into

his home. Once inside the home, Clark sexually molested M.R., causing her to run home in tears. Further, his actions have left a psychological impact on M.R. At the sentencing hearing, M.R.'s mother's boyfriend testified M.R. used to be an energetic and playful young girl, who enjoyed playing outside. Now, M.R. suffers from nightmares and is terrified to be alone outside the home.

[8] Turning to Clark's character, we examine "the offender's life and conduct." *Washington v. State*, 940 N.E.2d 1220, 1222 (Ind. Ct. App. 2011), *trans. denied*. Clark argues a reduction of his sentence is warranted because of his limited criminal history. As Clark notes, his criminal history contains no prior sexual crimes and is thus unrelated to his present conviction. *Prickett v. State*, 856 N.E.2d 1203, 1209 (Ind. 2006) (noting the significance of a defendant's criminal history varies based on the gravity, nature, and number of prior offenses as they relate to the current offense). However, it does demonstrate a history of alcohol abuse and a disregard for the law. The presentence investigation report, as noted by the trial court, reveals Clark has multiple convictions for operating a vehicle while intoxicated, as well as failures to comply with conditions of probation and pretrial release. Clark has been arrested three times for operating a vehicle while intoxicated ("OWI"), once each year from 2012 to 2014. While on pretrial release in 2014, Clark failed to report for two drug screenings and tested positive for alcohol at another. In addition, this child molesting incident occurred while Clark was on pretrial release for his second OWI offense. It is Clark's burden to convince this court his sentence is inappropriate, and given

the nature of his offense and his character, we cannot say the moderately enhanced thirty-five-year sentence imposed by the trial court is inappropriate.

# Conclusion

[9] Clark's sentence is not inappropriate in light of the nature of the offense and his character. We therefore affirm his sentence.

[10] Affirmed.

Mathias, J., and Brown, J., concur.