## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 30 2019, 8:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Thomas Lowe
Lowe Law Office
New Albany, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Sierra A. Murray
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael James Begin, Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | October 30, 2019 <br><br> Court of Appeals Case No. 19A-CR-1185 <br><br> Appeal from the Clark Circuit Court <br><br> The Honorable Andrew Adams, Judge <br><br> The Honorable Steven M. Fleece, Judge Pro Tempore <br><br> Trial Court Cause No. 10C01-1710-F4-94 |

**Pyle, Judge.**

# Statement of the Case

Michael Begin, Jr. ("Begin") appeals the sentence imposed after he pled guilty to twenty (20) counts of Level 4 felony child molesting.[1] Begin argues that his sentence is inappropriate in light of the nature of the offenses and his character. Concluding that Begin's sentence is not inappropriate, we affirm his sentence.

We affirm.

# Issue

Whether Begin's sentence is inappropriate.

# Facts

As a student at Jeffersonville High School, Begin enrolled in an early childhood education program. This program allowed Begin to volunteer as a teacher's assistant at a local elementary school. Begin also worked as a children's caretaker at a YMCA. Begin utilized his positions to molest four children at the elementary school and fifteen children at the YMCA. Begin also molested one child, the daughter of a family friend, in her home. The ages of the children ranged from three (3) to eight (8) years old.

---

[1] IND. CODE § 35-42-4-3.

[4] Whether at the elementary school, the YMCA, or the child's home, Begin would sit next to his victim, stick his hand down into her underwear, and touch and rub her vaginal and buttocks areas. He penetrated a victim's vagina with his finger at least four times. Sometimes the child would resist but Begin would frequently ignore the efforts and continue molesting his victim. On at least one occasion, he molested two children at one time. Despite Begin's attempts to avoid detection, several of the crimes were caught on video at both the elementary school and the YMCA.

[5] In October 2017, the State initially charged Begin with two counts of child molesting as Level 4 felonies. However, the charging information was amended three times, each amendment adding additional charges as more victims came to light. The final charging information was filed in November 2018 and included a total of twenty-seven (27) counts of child molesting: four as Level 3 felonies and twenty-three as Level 4 felonies. During the pendency of the case, two doctors found Begin competent to stand trial.

[6] In January 2019, Begin pled guilty to twenty (20) counts of Level 4 felony child molesting. The twenty counts represent twenty different victims. In his plea agreement, Begin admitted to the allegations contained in the State's third amended information and the probable cause affidavits. Under the plea agreement, the parties agreed that Counts one (1), two (2), three (3), four (4), five (5), six (6), seven (7), twelve (12), thirteen (13), and fourteen (14) would run consecutive to each other. Additionally, Counts fifteen (15), sixteen (16), seventeen (17), eighteen (18), nineteen (19), twenty (20), twenty-one (21),

twenty-three (23), twenty-four (24), and twenty-seven (27) would run consecutive to each other, but those ten counts would run concurrent with Counts one (1), two (2), three (3), four (4), five (5), six (6), seven (7), twelve (12), thirteen (13), and fourteen (14). The agreement further stated that the sentencing range for the trial court was between two (2) and 120 years.

[7] In April 2019, the trial court held a sentencing hearing. During the hearing, several of the parents of Begin's twenty victims testified about the trauma and devastating effects Begin's action had had on their children. The trial court identified the following six aggravating factors: (1) the significant harm, misery, loss, or damage done to the victims; (2) the "young age of the victims" in comparison to the requirements of the statute; (3) the acts were crimes of violence; (4) some crimes were committed in the presence of other children; (5) Begin was in a position of care, custody, or control of the victims; and (6) Begin encouraged the victims to not report the crimes. (Tr. 45). The trial court then identified the following two mitigating factors: (1) Begin's lack of prior criminal or delinquent history and (2) his expression of remorse. The trial court then found that "the aggravators clearly outweigh the mitigating factors." (Tr. 46). The trial court sentenced Begin to twelve (12) years with ten (10) years executed and two (2) years suspended for each count, for an aggregate sentence of 120 years with 100 years executed and 20 years suspended to probation. Begin now appeals.

# Decision

[8]     Begin argues that his aggregate sentence of 120 years, with 100 years executed and 20 years suspended to probation, is inappropriate.[2] He requests that we "revise his sentence to the advisory sentence for each count[.]" (Begin's Br. 28). "This Court may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). "The 7(B) 'appropriateness' inquiry is a discretionary exercise of the appellate court's judgment, not unlike the trial court's discretionary sentencing determination." *Knapp v. State*, 9 N.E.3d 1274, 1291-92 (Ind. 2014), *cert. denied*. "On appeal, though, we conduct that review with substantial deference and give due consideration to the trial court's decision—since the principal role of our review is to attempt to leaven the outliers, and not to achieve a perceived correct sentence." *Id*. at 1292 (internal quotation marks, internal bracket, and citation omitted). "Appellate Rule 7(B) analysis is not to determine whether another sentence is more appropriate but rather whether the sentence imposed is inappropriate." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012) (internal quotation marks and citation omitted), *reh'g denied*. The defendant has the burden of persuading the appellate court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Whether we regard a sentence as inappropriate turns on the "culpability of the defendant, the severity

---

[2] Begin sets forth his appellate argument as solely a challenge to the inappropriateness of his sentence. However, Begin challenges three of the aggravators found by the trial court. Because Begin has neither set forth the specific standard utilized in addressing aggravators and mitigators nor presented a cogent argument, we conclude that he has waived appellate review of this issue. *See* Ind. Appellate Rule 46(A)(8)(a); *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008) (Noting that our supreme court has made clear that inappropriate sentence and abuse of discretion claims are to be analyzed separately.").

of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).

[9] When determining whether a sentence is inappropriate, we acknowledge that the advisory sentence is the starting point the Legislature has selected as an appropriate sentence for the crimes committed. *Childress*, 848 N.E.2d 1081. Here, Begin pled guilty and was convicted of twenty (20) Level 4 felonies. The sentencing range for a Level 4 felony is "for a fixed term of between two (2) and twelve (12) years, with the advisory sentence being six (6) years." I.C. § 35-50-2-5.5. The trial court imposed consecutive sentences of twelve (12) years with ten (10) years executed and two (2) years suspended for ten of his Level 4 felony convictions, and concurrent twelve (12) year sentences with two (2) years suspended for the other ten Level 4 felony convictions. Accordingly, the trial court imposed an aggregate sentence of 120 years with 100 years executed and twenty (20) suspended to probation.

[10] The nature of Begin's numerous child molesting offenses is beyond troubling. As this Court has recognized, the nature of the offense is found in the details and circumstances of the commission of the offense and the defendant's participation. *Perry v. State*, 78 N.E.3d 1, 13 (Ind. Ct. App. 2017). Here, Begin molested several children at an elementary school and a YMCA. He also molested one child inside her home. In total, Begin molested twenty different children by touching and fondling their vaginal and buttocks area. He also penetrated the vagina of at least four victims with his finger. Begin served as a teacher's assistant and a caretaker and used his positions of trust and authority

to abuse nineteen of his twenty victims. Begin's offenses had a devastating effect on his young victims, who continue to suffer from his actions in a variety of ways. *See Lasley v. State*, 510 N.E.2d 1340, 1342 (Ind. 1987) (sexual victimization of children often leaves permanent psychological damage that is more devastating than physical injuries).

[11] As for his character, Begin argues that his lack of criminal history warrants a reduced sentence. Begin is correct that when considering the character of the offender prong of our inquiry, one relevant consideration is the defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). Here, however, the evidence in the record regarding his manipulative efforts and actions is more persuasive of Begin's character than his prior good behavior. As detailed above, Begin actively sought and leveraged his community involvement to molest twenty different children. Based on the nature of the offenses and his character, Begin has failed to persuaded us that his sentence is inappropriate.[3]

---

[3] Begin also argues that his sentence is a "de facto life sentence . . . [that] violates Art. 1, § 16 of the Indiana Constitution and the Eighth and Fourteenth Amendments to the United States Constitution[.]" (Begin's Br. 24). Although he cites *Brown v. State*, 10 N.E.3d 1 (Ind. 2014), he expressly limits his analysis to the Eighth Amendment and does not premise his argument on the Indiana Constitution. *See Id*. at 8 (revising 150 year sentence for a sixteen-year-old defendant to 80 years under Rule 7(B)). Thus, he has waived a constitutional claim based on Article 1, Section 16 of the Indiana Constitution by failing to allege a violation separate from the Eighth Amendment. *See* Ind. App. R. 46(A)(8)(a).

To the extent that Begin claims his sentence violates the U.S. Constitution, we disagree. Begin relies upon *Miller v. Alabama*, 567 U.S. 460 (2012) and *Graham v. Florida*, 560 U.S. 48 (2010). In *Miller*, the Supreme Court held "that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." *Miller*, 567 U.S. at 479. In *Graham*, the Supreme Court barred the imposition of LWOP for a juvenile convicted of a single non-homicide offense. *Graham*, 560 U.S. at 74-75. *Miller* and *Graham* are distinguishable from the instant case because they dealt with LWOP for juvenile

Affirmed.

Robb, J., and Mathias, J., concur.

---

offenders. Here, Begin did not receive a mandatory sentence of LWOP. Additionally, Begin committed at least half of his crimes as an adult. We note that recently in *Wilson v. State*, 128 N.E.3d 492, 501 (Ind. Ct. App. 2019), another panel of our Court held that "*Miller* applies to sentences for juveniles that amount to a life sentence, regardless of the label applied by the trial court or the State." Our Indiana Supreme Court has granted transfer in *Wilson*, thus that case and any holding therein has been vacated. *See* Ind. App. R. 58(A). Accordingly, we conclude that Begin did not receive a sentence that implicates the constitutional concerns analyzed in *Graham* and *Miller*.